**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **BILLY MAY** | § | |
| | § | **A-15-CV-114 LY** |
| **V.** | § | **(A-11-CR-509(1) LY)** |
| | § | |
| **UNITED STATES OF AMERICA** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are Billy May's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (Dkt. No. 123); May's Memorandum in Support of the Motion (Dkt. No. 126-2); the Government's Response (Dkt. No. 126); and May's Reply (Dkt. No. 127). Also before the Court are two Motions for Default and Release (Dkt. Nos. 128, 129) filed by Billy May. The undersigned submits this Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

**I. GENERAL BACKGROUND**

On September 20, 2011, Billy May was charged with possession of a firearm by an unlawful user of a controlled substance, a violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). Dkt. No. 126. May pled not guilty, went to trial, and on March 12, 2012, a jury convicted May. *Id.* On March 24, 2012, the Court sentenced May to 30 months imprisonment and 3 years supervised release, ordered him to pay a $100 assessment, and ordered that he forfeit 39 firearms. *Id.* On May 31, 2012, May filed a notice of appeal with the United States Court of Appeals for the Fifth Circuit. *Id.* On August 8, 2013, May's conviction for possession of a firearm by an unlawful user of a controlled substance

was affirmed by the Fifth Circuit. Dkt. No. 126-1. The Court found that (1) extrinsic evidence incorrectly introduced by the Government did not interfere with jury deliberations because the only jury member that was prejudiced was excused; (2) the statute of conviction, 18 U.S.C. § 922 (g)(3) was neither arbitrary nor discriminatory as it applied to May because an ordinary person would understand May's use of marijuana while in possession of firearms was unlawful; (3) 18 U.S.C. § 922 (g)(3) is not unconstitutional on its face because unlawful users of controlled substances pose a risk to society if permitted to bear arms; and (4) May did not meet the burden of selective prosecution because there is nothing in the record to suggest that the Government targeted May for any reason other than his illegal conduct. *Id.*

May filed a Petition for Writ of Certiorari with the Supreme Court on November 5, 2013; it was denied on December 20, 2013. Dkt. No. 126. May then filed this Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, challenging his conviction on the basis of alleged ineffective assistance of counsel.[1] Dkt. No. 123.

## II. STANDARD OF REVIEW

Under § 2255, four general grounds exist upon which a defendant may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the District Court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; and (4) the sentence is

---

[1] May's Motion was filed after the one year limitation period for § 2255 motions had expired. However, he has attached to his motion documentation that shows that he in fact mailed his motion within the one year period, but due to either post office or Bureau of Prisons errors, it was not delivered but was returned to him. Dkt. No. 123-2. In the case of a pro se prisoner like May, his habeas petition is "deemed filed when submitted to prison authorities for mailing to the district court." *Morales–Rivera v. United States*, 184 F.3d 109, 110–11 (1st Cir.1999). As such, the Court will not dismiss May's motion as untimely filed, but will consider its merits.

otherwise subject to collateral attack. 28 U.S.C. § 2255. The nature of a collateral challenge under § 2255 is extremely limited: "A defendant can challenge his conviction after is it presumed final only on issues of constitutional or jurisdictional magnitude . . . and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If the error is not of constitutional or jurisdictional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice." *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994). A defendant's claim of ineffective assistance of counsel gives rise to a constitutional issue and is cognizable pursuant to § 2255. *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1996).

### III.  ANALYSIS

May alleges he was denied effective counsel in four ways: (1) failing to file certain pretrial motions, in particular a challenge to the warrant to search his house and property; (2) failing to present evidence that his marijuana use was for medicinal purposes; (3) failing to offer evidence regarding the Government's misconduct involving its confidential informant; and (4) failing to obtain a declaration of mistrial after the jury was shown excluded photographs.

To prevail on an ineffective assistance of counsel claim, a petitioner must show that his counsel's performance was deficient and that the deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance is deficient if it falls below an objective standard of reasonableness. *Id.* A court's review of counsel's performance must be highly deferential, with a strong presumption that the performance was reasonable. *Id.* at 689; *Little v. Johnson*, 162 F.3d 855, 860 (5th Cir. 1998). A court will not find ineffective assistance of counsel

merely because it disagrees with counsel's trial strategy. *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999). Moreover, "[a] fair assessment of attorney performance requires every effort to be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689.

To demonstrate the prejudice prong, a petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane*, 178 F.3d at 312. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "However, the mere possibility of a different outcome is not sufficient to prevail on the prejudice prong. Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Crane*, 178 F.3d at 312-313 (quoting *Ransom v. Johnson*, 126 F.3d 716, 721 (5th Cir. 1997)).

**A.     Failure to Challenge Search Warrant**

First, May alleges that his counsel failed to challenge the Government's search of his home, which he claims was done in violation of the Fourth Amendment. May's counsel, however, filed a motion to suppress all evidence gathered from the search of May's home. Dkt. No. 32. His counsel argued that the affidavit of Special Agent Daniel Jones, which was offered in support of the search warrant, was insufficient to establish probable cause. The Court denied May's motion to suppress, finding that the "affidavit complies with all of the requirements under federal law for probable cause." Dkt. No. 43, Dkt. No. 97 at 32. Just because May's counsel did not prevail on these arguments does not mean his performance was deficient—as the Supreme Court has noted, "the Sixth Amendment does not require that counsel do what is impossible." *Chronic v. United States*, 466 U.S. 648, 656 n. 19 (1984).

May also argues, generally, that his counsel "failed to file any meaningful and substantive pre-trial motions challenging the government's case." Dkt. No. 123-1 at 4. But with one exception May does not specify what sorts of motions he would have had his counsel file, nor how additional motions would have changed the outcome of the case. May does allege that he "told his lawyer that he wanted him to file a Motion to Dismiss based upon the fact that the government informant violated the law and entrapped him." Dkt. No. 123-1 at 6. But this one conclusory allegation is the only mention May makes of a request for a motion to dismiss. As such he has failed to satisfy either prong of the *Strickland* test. Moreover, as the Government notes, May's counsel filed a host of pretrial motions, and the district judge held a lengthy hearing on those motions. Factually, this argument also fails.

**B.     Marijuana Use**

May's second contention is that his counsel failed to argue that the indictment was defective. May alleges that the Government used an incorrect definition of "unlawful user of a controlled substance," when it presented the case to the Grand Jury. The Government used the definition of an "unlawful user" from a Sixth Circuit case that described an "unlawful user" as someone engaged in a pattern of regular and repeated use of a controlled substance during a period when a firearm was possessed. *U.S. v. Burchard,* 580 F.3d 341, 352 (6th Cir. 2008). May contends that the Government should have instead used a definition from a Fifth Circuit case that defines an "unlawful user" as someone "who uses narcotics so frequently and in such quantities as to lose the power of self-control and thereby poses a danger to the public morals, health, safety, or welfare." *U.S. v. Herrera* 289 F.3d 311, 322 (5th Cir. 2002), *rev'd en banc*, 300 F.3d 530 (5th Cir. 2002). Once again, May ignores the fact that his counsel *did* raise this issue, by both filing a motion to dismiss the indictment, Dkt. No.

5

54, and by presenting that argument in open court, Dkt. No. 98 at 3-9. The district judge denied the motion, finding that the *Herrera I* definition relied upon by May was not controlling law because the panel opinion was vacated when the Circuit reheard the case *en banc*. Dkt. No. 98 at 9-10. While May's counsel did not prevail, he nonetheless made the argument May wished. May's counsel's failure to secure a favorable ruling is not ineffective assistance.

May also argues that his counsel "failed to establish that his marijuana use was for medical reasons," thereby failing to render effective assistance. Dkt. No. 123-1 at 10. May bases his argument here on *U.S. v. Herrera*, the same case cited above, stating that "there is no mention whatsoever in the 5th Circuit's controlling definition of 'unlawful user' that if a defendant lacks the prescription of a physician for use of a controlled substance that he is an 'unlawful user.'" *Id*. at 9. However, May offers no evidence, nor really any argument, that he in fact did use marijuana for medical reasons. As such, he has failed to meet his burden under *Strickland*. Moreover, his contention is meritless: there is no medical necessity defense for possession of marijuana under the Controlled Substances Act. *See U.S. v. Oakland Cannabis Buyer's Co-Op*, 532 U.S. 483, 491 (2001). Moreover, marijuana is a Schedule 1 substance, for which there can be no "accepted medical use," and for which Texas does not authorize the issuance of prescriptions. *See* TEX. HEALTH & SAFETY CODE §§ 481.032, 481.035; *and* 37 TEX. ADMIN. CODE § 13.72 (setting forth requirements for prescriptions for Schedule II-V, but not Schedule I, controlled substances). Thus, even if May's counsel had raised this argument, it would have failed.

C.     **Confidential Informant**

May next argues that his counsel failed to "present any defense evidence that would have proven that ATF Agent Jones perjured himself at trial." Dkt. No. 123-1 at 3. Specifically, May

states that he "provided his attorney with recorded conversations stored on a cell phone that would have proven governmental misconduct as well as the agent's perjury." *Id*. Moreover, May notes that "the prosecution failed to call confidential informant, Thomas Stuckey, as a witness due to his incarceration." *Id*. at 1. May argues that because his counsel "did not examine Stuckey" he was unable "to establish the fact that the ATF confidential informant was a convicted felon and known drug dealer." *Id*. May argues that "impeachment of the government's key witness was crucial to [his] defense," and that had such evidence been introduced either the indictment would have been quashed or he would have been acquitted. *Id*.

The decision to offer evidence is treated with a great deal of deference under the *Strickland* standard. *See Strickland,* 466 U.S. at 689. This is especially true regarding evidence with a "double-edged quality," with courts presuming that "informed tactical decisions were reasonable under the circumstances." *Boyle v. Johnson*, 93 F.3d 180, 188 (5th Cir. 1996). As with May's other arguments, his point here ignores the fact that his counsel in fact repeatedly questioned the reliability of the confidential informant, Stuckey. *See, e.g.,* Dkt. No. 100 at 49-68. Indeed, he specifically cross-examined the case agent about conversations between May's son and Stuckey, the same conversations May now says his counsel failed to introduce. *Id*. Whether May's counsel should have asked the precise questions May wishes had been asked, or offered the exact evidence that May wishes had been offered, is not for this Court to decide, and is indeed inappropriate under *Strickland*, which requires the Court to avoid "the distorting effects of hindsight." *Strickland*, 466 U.S. at 689.

D.    **Nazi Paraphernalia**

May's final contention is that his counsel failed to ask for a mistrial after the Government inadvertently showed photos of Nazi paraphernalia to the jury. During trial, the Court dismissed one

of the jurors who had seen a photo of Nazi paraphernalia at the prosecution table. Dkt. No. 99 at 234-237. After dismissing the juror at the end of a day of trial, the district judge began the next morning—at the request of May's counsel—with a cautionary instruction and reminder that the jurors must only consider the admitted evidence, and must not consider any evidence not admitted by the Court. Dkt. No. 100 at 3-6. Then, at the close of the evidence the Court polled the jurors and found that three remaining jurors had seen photographs of May with a Confederate flag. *Id.* at 130. Based on this, May's counsel moved for a mistrial. *Id.* at 133-36. The Court denied the motion for a mistrial, finding that any issue created by jurors seeing the photo of May with a Confederate flag had been cured by the Court's instruction and the jurors' explicit statement that it would not affect their deliberations or ability to be fair. *Id.* at 137. In short, May's counsel did in fact seek a mistrial, but that request was denied. As noted, *supra.*, the Court's denial of a motion does not render counsel's assistance ineffective.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the district judge **DENY** the Motion to Vacate, Set Aside, or Correct his Sentence. Dkt. No. 146. The undersigned also **RECOMMENDS** that May's two Motions for Default and Release, Dkt. Nos. 128 and 129, be **DISMISSED** as **MOOT**.

## V. WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file

written objections to the proposed findings and recommendations within fourteen days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

## VI.  CERTIFICATE OF APPEAL

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the District Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability ("COA") may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court rejected a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim

of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial or dismissal of the movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Accordingly, a certificate of appealability shall not be issued.

SIGNED this 25th day of May, 2016.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE